IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | § | |
|---|---|---|
| LARRY DALE SMITH, | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:20-cv-291-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Dale Smith, a former Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On February 11, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition as moot and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 39. Petitioner timely objected. Docket No. 44.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objections do not address the Report's essential finding—that this petition is moot because Petitioner has been released. The Amended Petition, Docket No. 28, is the operative pleading in this case. Claims raised in prior petitions, including Docket No. 3, dated October 12, 2019, and Docket No. 14, dated May 1, 2020, but not raised in the Amended Petition, are not properly before the Court and cannot be considered. *E.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 762 (5th Cir. 2011) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994))).

As the Report explains, Petitioner's Amended Petition only raises claims concerning disciplinary proceedings. Docket No. 39 at 2. Further, the Amended Petition does not allege future adverse consequences stemming from the challenged disciplinary proceedings. *Id.* Accordingly, as the Report correctly explains, Petitioner's release from custody moots his challenges to prison disciplinary proceedings and the relief sought in the Amended Petition. *See Herndon v. Upton*, 985 F.3d 443 (5th Cir. 2021) ("We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted.

Herndon had already received the sole relief sought in her petition: release from confinement."); *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (explaining that mootness is a function of a party's requested relief—not the theoretical possibility that a party could request or receive something).

Petitioner also argues that Texas Government Code article 508.149 is unconstitutional. Docket No. 39 at 1. However, this Court and others have rejected this argument. *See England v. Collier*, 2018 WL 6031321, at *3 (N.D. Tex. Oct. 22, 2018); *Ex Parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). Accordingly, this argument is also without merit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 44) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 39) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **28th** day of **June, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE